UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SALEEM R. WILLIAMS,

                Plaintiff,

      - against -

STATE OF NEW YORK, *et al.*,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-5993 (PKC) (SDE)

PAMELA K. CHEN, United States District Judge:

On October 23, 2025, Plaintiff Saleem R. Williams, proceeding *pro se*, filed this action against Defendants for taking private property "under duress without just compensation or consent." (Compl., Dkt. 1, at ECF[1] 2, 4.) Plaintiff also applied to waive the filing fees by filing an application to proceed *in forma pauperis* ("IFP"). (IFP Mot., Dkt. 2.) For the reasons set forth below, Plaintiff's complaint is dismissed, and his IFP filing is found to be deficient. However, Plaintiff is granted thirty (30) days from the date of entry of this Order to submit a Long Form IFP application (AO 239) or pay the filing fees.

**DISCUSSION**

Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350, with an additional administrative fee of $55, for a total fee of $405. However, the Court may waive the filing fees upon finding a plaintiff indigent. 28 U.S.C. § 1915; *Vaughan v. USPS Processing & Distrib. Ctr.*, No. 16-CV-3416 (KAM) (LB), 2016 WL 3676412, at *1 (E.D.N.Y. July 6, 2016). To proceed IFP, a plaintiff must submit an affidavit stating "that the person is unable to pay" filing

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

fees "or give security therefor," as well as include "a statement of all assets" they possess. 28 U.S.C. § 1915(a)(1).

Section 1915 is designed to ensure "that indigent persons have equal access to the judicial system." *Davis v. NYC Dep't of Educ.*, No. 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). "A litigant need not be 'absolutely destitute' to qualify for [IFP] status but need demonstrate only that they 'cannot because of [their] poverty pay or give security for the costs and still be able to provide [themselves] and dependents with the necessities of life.'" *Rosa v. Doe*, 86 F.4th 1001, 1005 (2d Cir. 2023) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

"Determining whether an applicant qualifies for IFP status is within the discretion of the district court." *Harris v. DEA Agents*, No. 2:24-CV-8863 (NJC) (LGD), 2025 WL 746043, at *1 (E.D.N.Y. Mar. 7, 2025) (citing *Rosa*, 86 F.4th at 1007 (explaining that IFP application denials are reviewed for abuse of discretion)). However, the Court must dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A); *Miller v. Smith*, No. 21-CV-2949 (JS), 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Eng'rs,* No. 21-CV-1901 (RPK), 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021).

Here, Plaintiff's IFP application is incomplete. Plaintiff's financial declaration indicates that he has no assets or income. (IFP Mot., Dkt. 2, at ECF 1–2.) Plaintiff writes "N/A" or "No" in the sections of the application form calling for him to provide income from employment or other sources. (*Id.*) However, Plaintiff does not explain how he supports himself. "[A]ffidavits asserting that the plaintiff has no income and no assets *without further explanation* [are] 'incomplete and, by extension, fail to support [IFP] status.'" *Jones v. ACS/Queens Field Off.*, No.

2

23-CV-5742 (EK) (LB), 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024) (quoting *Amanda M. v. Kijakazi*, No. 22-CV-0353, 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022)). Plaintiff's application indicates that he pays rent, utilities, traveling expenses, and child support for three dependents, but it does not provide the amount he pays for each and the source of income to meet those obligations. (*See* IFP Mot., Dkt. 2, at ECF 2.)

Additionally, it appears that Plaintiff challenges a motor vehicle stop on January 13, 2025. (*See* Compl., Dkt. 1, at ECF 4.) However, Plaintiff wrote "N/A" in the section of the IFP application form asking him to disclose any automobile he owns and its approximate value. (IFP Mot., Dkt. 2, at ECF 2.) While perhaps Plaintiff can explain this apparent discrepancy, the Court reminds Plaintiff that the IFP application is a declaration made under penalty of perjury and that a false statement could result in the dismissal of his claims.

## CONCLUSION

Plaintiff's application to proceed IFP is denied without prejudice to renew. If Plaintiff wishes to proceed with this action, Plaintiff must, within thirty (30) days of the entry date of this Order, either (1) pay the requisite filing fees to the Clerk of Court of the United States District Court for the Eastern District of New York; or (2) submit a complete Long Form IFP application (AO 239) that demonstrates indigency. The Long Form IFP must not include the full names of any minor children, only initials.

The Court notes that Plaintiff has been previously informed about the requirements for an IFP application and the consequences of making false statements on the application. By Order dated October 14, 2025, the Court denied Plaintiff's prior IFP applications for largely the same reasons it does today. *See Williams v. City of New York*, No. 25-CV-5482 (PKC) (SDE), 2025 WL 2917330, at *2 (E.D.N.Y. Oct. 14, 2025). There, as here, Plaintiff did not "explain how he supports

himself," despite indicating that he "pays rent, utilities and child support for three dependents," nor did Plaintiff disclose any automobile he owned despite describing, in a complaint, ownership of a recreational vehicle. *Id.* Plaintiff is warned that if he abuses the privilege of proceeding IFP, the Court may order him to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing complaints IFP in this court without its prior permission.

If Plaintiff fails to comply with this Order within the time allowed or fails to show good cause for an extension of time, the Court shall dismiss these actions without prejudice. Additionally, if Plaintiff timely files an incomplete Long Form IPF Application, this case will be dismissed without prejudice and Plaintiff will not be permitted to file yet another IFP application. Should Plaintiff pay the filing fee, the Clerk of Court shall issue a summons, and Plaintiff must have the summons and complaint served on each defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies IFP status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with a Long Form IFP application form, and note the mailing on the docket.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 30, 2025
      Brooklyn, New York