UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
SALEEM R. WILLIAMS,

                Plaintiff,

    - against -

STATE OF NEW YORK, *et al.*,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-5993 (PKC) (SDE)

PAMELA K. CHEN, United States District Judge:

On October 23, 2025, Plaintiff Saleem R. Williams, proceeding *pro se*, filed this action against Defendants, challenging a "criminal action initiated by the State of New York under the alleged docket number CR-000340-25-RI" based on a "motor vehicle stop and subsequent arrest" on January 13, 2025. (Compl., Dkt. 1, at ECF[1] 4.) Plaintiff seeks to have the Court dismiss the criminal action because the "alleged offenses occurred outside the territorial limits of the State of New York." (*Id.* at ECF 5.) Plaintiff also alleges that Defendants have taken "private property under duress without just compensation or consent," which constitutes a breach of trust. (*See id.* at ECF 2.) Plaintiff contends that Defendants "are therefore liable" for damages and penalties arising from unlawful restraint, illegal arrest, excessive bail, placing of improper liens, and deprivation of property. (*See id.* at ECF 2, 11–12.) As support, Plaintiff attaches a "contract in admiralty jurisdiction," which provides that he is a "Vessel in Commerce" that was "initially created as a trust." (*Id.* at ECF 8–9.) In that document, Plaintiff asserts "that the IRS, & the SSA,[2]

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] The Court presumes that these are references to the Internal Revenue Service and the Social Security Administration.

and the federal courts have willfully been making injurious 'presumptions' which prejudice [his] Constitutional rights by trying to associate [him] with the 'idems sonans[,'] which is the all caps version of [his] Christian name which is in fact a trust previously associated with a 'public office.'" (*Id.* at ECF 8.) The document further provides that Plaintiff "**revokes all** permissions to the Government and/or any political subdivisions/Organizations to use [the] copyrighted TRUST name[d] SALEEM RONALD WILLIAMS JR. TRUST or trust in any fashion except by explicit written request/order in direction otherwise." (*Id.* at ECF 9.)

Plaintiff applied to waive the filing fees by filing an application to proceed *in forma pauperis* ("IFP"). (IFP Mot., Dkt. 2.) On October 30, 2025, the Court denied Plaintiff's request to proceed IFP with leave to file a Long Form IFP application or pay the filing fee. (Mem. & Order, Dkt. 4.) On November 17, 2025, Plaintiff filed a Long Form IFP application. (Long Form IFP, Dkt. 5.) For the reasons stated below, the Court grants Plaintiff's request to proceed IFP, but dismisses the Complaint for lack of jurisdiction and frivolousness.

## STANDARD OF REVIEW

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court may dismiss a *pro se* action *sua sponte* under certain circumstances. A court shall dismiss an IFP action under 28 U.S.C. § 1915(e)(2)(B) where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or where "the claim is 'based on an indisputably meritless legal theory.'" *See Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted); *Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ("[A]

finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Separately, a district court must dismiss a *pro se* complaint *sua sponte* where it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

At the same time, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## DISCUSSION

The Court must dismiss Plaintiff's Complaint for two reasons. First, the Court lacks jurisdiction over Plaintiff's challenge to his ongoing state criminal proceeding. In *Younger v. Harris*, the Supreme Court emphasized that federal courts should "abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)). This noninterference, called *Younger* abstention, is mandatory where "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Id.*; *Grieve v. Tamerin*, 269 F.3d 149, 152 (2d Cir. 2001). When *Younger* abstention applies, the federal court is stripped

3

of subject-matter jurisdiction over the matter. *See Diamond "D" Const. Corp.*, 282 F.3d at 197; *Weiss v. New York*, No. 22-CV-2326, 2024 WL 2837623, at *2 (2d Cir. June 5, 2024) (summary order).

*Younger* abstention applies here. First, according to Plaintiff, a criminal case is pending against him under Docket No. CR-000340-25-RI. (*See* Compl., Dkt. 1, at ECF 4.) Second, New York has an important state interest in enforcing its criminal laws, including traffic laws. *See Parson v. Barrett*, No. 14-CV-1431 (DNH) (RFT), 2015 WL 5055279, at *2 (N.D.N.Y. May 21, 2015), *report and recommendation adopted*, 2015 WL 5062363 (N.D.N.Y. Aug. 26, 2015); *Johnson v. Yonkers City Ct.*, No. 22-CV-0049 (LTS), 2022 WL 1004180, at *3 (S.D.N.Y. Apr. 4, 2022). And third, Plaintiff has not articulated any reason why his constitutional and jurisdictional claims cannot be raised in the state court proceedings. In particular, Plaintiff has not alleged any facts that would support an inference of "bad faith, harassment[,] or any other unusual circumstance that would call for equitable relief" in connection with his state court case. *Diamond "D" Const. Corp.*, 282 F.3d at 198 (quoting *Younger*, 401 U.S. at 54). Therefore, the Court must abstain as Plaintiff seeks dismissal of the pending criminal action. *See Matava v. CTPPS, LLC*, No. 22-CV-242 (CSH), 2022 WL 462396, at *6 (D. Conn. Feb. 15, 2022) (dismissing an IFP complaint under *Younger*); *Parson*, 2015 WL 5055279, at *3 (same); *Mercado v. Orange Cnty. Legal Aid Soc'y*, No. 19-CV-11904 (CM), 2020 WL 635579, at *3 (S.D.N.Y. Feb. 10, 2020) (same).

Second, the Court must dismiss the Complaint because its allegations pertaining to Plaintiff's "trust" are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). Generously construed, Plaintiff's Complaint presents a series of documents that purport to give him a right to be free from government interference and impute penalties on the Government for its alleged violations of his

4

constitutional rights. (*See* Compl., Dkt. 1, at ECF 8–15, 29–42.) But these documents are rife with nonsensical, unconnected statements, such as: (1) "Since the birth of the Undersigned, the Government has utilized the credit and future earning potential of the Undersigned, establishing and operating a Private Offset Account through the use of the Vessel in Commerce, SALEEM RONALD WILLIAMS JR. TRUST without the knowledge, consent, or permission of the Undersigned acting to the detriment of the beneficiary Saleem-Ronald: Williams Jr.," (*id.* at ECF 9); (2) "the Undersigned has the right to appeal to a Twenty Five sovereign People Magna Carta Grand Jury for the restoration of property, liberties, or rights of which The Undersigned has been dispossessed by an Oppressing Government or its Representatives," (*id.* at ECF 14 (internal quotation marks omitted)); (3) "[t]he US Judges and US Attorneys are actually employees of the IMF and have [been] expatriated out of the United States. . . . [and] are now unregistered foreign agents," (*id.* at ECF 27); and (4) "After finding the alleged 'Defendant' guilty, the court clerks sell the judgments to the Federal Courts. Since the Defendant is a 'decedent', the court officials consider themselves as a beneficiary," (*id.* at ECF 25). Thus, even under a liberal reading, Plaintiff's allegations are wholly incredible, irrational, and appear to be the product of delusion. *See Bussie v. Bharara*, No. 16-CV-1342 (MKB), 2016 WL 4468191, at *3 (E.D.N.Y. Aug. 24, 2016) (dismissing a complaint as frivolous where a plaintiff made unrelated and disconnected statements); *Singleton v. New York*, No. 24-CV-2208 (RA), 2024 WL 1962853, at *1–2 (S.D.N.Y. May 2, 2024) (dismissing as frivolous a complaint that contained "incomprehensible" legal jargon).

## LEAVE TO AMEND DENIED

Generally, a court should not dismiss a *pro se* complaint "without . . . granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v.*

5

*Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). But a court has inherent power to dismiss without leave to amend or replead "where the substance of the claim pleaded is frivolous on its face," *see Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123–24 (2d Cir. 2011). Because the Court concludes that granting leave to amend here would be futile, the Court declines to do so.

## CONCLUSION

Plaintiff's Complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and as barred by the *Younger* abstention doctrine. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies IFP status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and close this case, as well as mail a copy of this Order to Plaintiff and note the mailing on the docket.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 4, 2025
      Brooklyn, New York